CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| RANDALL E. BRICKEY, | ) | |
| Plaintiff, | ) | Civil Action No. 1:13CV00073 |
| v. | ) | **MEMORANDUM OPINION** |
| ROBB HALL, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

This case arises from plaintiff Randall Brickey's termination from the Saltville Police Department ("SPD") following the publication of Brickey's responses to questions posed to him by local newspapers during his Town Council campaign. Brickey filed this civil action under 42 U.S.C. § 1983 against several members of the SPD and the Saltville Town Council, alleging that his termination constituted a retaliatory discharge in violation of the First Amendment. The case is presently before the court on the defendant Rob Hall's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $1,620.90.

## Procedural History

On September 2, 2014, the court denied in part and granted in part the defendants' motion for summary judgment. As a result, all defendants, with the exception of Robb Hall, were dismissed from the case. Hall filed a Notice of Appeal, seeking review of the court's denial of summary judgment that was based on the determination that Hall was not shielded by qualified immunity. The United States Court of Appeals for the Fourth Circuit reversed and remanded, and held that Hall was entitled to qualified immunity. On August 5, 2016, the court, in a final judgment order, entered summary judgment in favor of Hall.

The case is now before the court on the defendant's request for an award of costs in the amount of $2,466.70. The time to respond to Hall's bill of costs has lapsed, and plaintiff has not indicated any opposition. The matter is ripe for review.

### Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulate some good reason for doing so," in order to "overcome the presumption." Id. (internal citations omitted). The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

2

## Discussion

In this case, the defendant's bill of costs includes: (1) $845.80 in fees paid to a private process server and (2) $1,620.90 in transcript fees. For the following reasons, the court declines to tax the requested $845.80 in service fees.

The fees requested were paid to private process servers. Such fees are not included in the list of taxable costs set forth in 28 U.S.C. § 1920. Instead, § 1920(1) only refers to the "[f]ees of the clerk and marshal." As the court has noted previously, it "is constrained to apply the statute as written." Bellofatto v. Red Robin Intern., Inc., No. 7:14CV00167, 2015 WL 3661043, at *2 (W.D. Va. June 12, 2015). Therefore, "[b]ecause the plain language of § 1920(1) does not expressly allow for the recovery of private process server fees," the court declines to tax those fees in this case. Mayse v. Mathyas, No. 5:09CV00100, 2010 WL 3783703, at *4 (W.D. Va. Sept. 28, 2010); see also Kelley v. Little Charlie's Auto Sales, No. 4:04CV00083, 2006 WL 2456355, at *3 (W.D. Va. Aug. 22, 2006) ("[T]he plain language of § 1920(1) only applies to fees paid to the clerk and marshal. Because the language of § 1920(1) is clear and unambiguous on its face, I am loath to read anything additional into the statute."). Accordingly, the defendant's bill of costs will be reduced by $845.80.

The next category of expenses includes $1,620.90 in fees paid for obtaining deposition transcripts and a transcript of the August 22, 2014 summary judgment hearing. Section 1920 allows a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of a transcript is generally recoverable if it is "reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). In this case, the court agrees that that the deposition of plaintiff was reasonably necessary to the litigation at the time it was taken. The court likewise

3

agrees that the transcript for the summary judgment hearing was reasonably necessary to the litigation. See, e.g., Bd. of Dirs., Water's Edge v. Anden Grp., 135 F.R.D. 129, 136 (E.D. Va. 1991) (determining that hearing transcripts could be properly taxed when "the pretrial proceedings were of substantial importance to both parties . . ."); Intellectual Ventures I LLC v. Capital One Fin. Corp., No. 1:13CV0740, 2015 WL 7283108, at *7 (allowing for taxation of transcripts from the summary judgment hearing). As such, the court will award defendant the costs of the transcripts.

## Conclusion

In accordance with the rulings set forth above, the court will award the defendant costs in the amount of $1,620.90. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 3rd day of March, 2017.

_____
Chief United States District Judge

4

Case 1:13-cv-00073-GEC-PMS   Document 64   Filed 03/03/17   Page 4 of 4   Pageid#: 1206